**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**


**JAMES ALLEN MORRIS,**

        **Petitioner,**

**v.**                                 **Civil Action No.  2:06cv24
                                           (Judge Maxwell)**

**JOYCE FRANCIS, Warden,**

        **Respondent.**


**OPINION/REPORT AND RECOMMENDATION**

## I.   Factual and Procedural History

The petitioner, a federal inmate at the Gilmer Federal Correctional Institution, initiated this action by filing a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody.  In the petition, the petitioner challenges a 1982 conviction and sentence imposed by the Sunflower County Circuit Court in Indianola, Mississippi, which was used to enhance the federal sentence he is currently serving.  On May 10, 2006, the undersigned conducted a preliminary review of the file and determined that summary dismissal was not appropriate at that time.  Accordingly, the respondent was directed to show cause why the petition should not be granted.

On August 9, 2006, the respondent filed a response to the petition.  In the response, the respondent requests that the petition be denied for lack of subject matter jurisdiction and because the petitioner's claims do not merit relief under § 2254.  Alternatively, the respondent argues that to the extent that the Court determines review is appropriate under § 2254, the case should be transferred to the United States District Court for the Northern District of Mississippi.

On August 17, 2006, the petitioner filed a reply to the respondent's response.  In the reply,

the petitioner asserts that the government's arguments are frivolous and that his petition should not be denied. In addition, the petitioner reiterates the basis for his claims and asserts that this court cannot transfer his petition to Mississippi.

**A.  Petitioner's Federal Sentence**

According to the parties, on June 12, 2002, a single count indictment was filed against the petitioner in the United States District Court for the Northern District of Mississippi, Delta Division. In the indictment, the petitioner was charged with possession with intent to distribute cocaine base or crack cocaine.

On August 28, 2002, a five-count superceding indictment was filed against the petitioner. The superceding indictment charged the petitioner with one count possession with intent to distribute cocaine base or crack cocaine (count one), one count possession of heroin (count two), one count possession of cocaine (count three) and two counts being a felon in possession of a firearm (counts four and five).

On December 4, 2002, the petitioner pleaded guilty to count one – possession with intent to distribute cocaine base, and count four – being a felon in possession of a firearm. On February 25, 2003, the petitioner was sentenced to 230 months imprisonment on count one and 120 months imprisonment on count four, the sentences to run concurrently.[1] The remaining counts were subsequently dismissed.

**B.  Claims of the Petition**

The petitioner initiated this § 2254 action on February 17, 2006. In the petition, the petitioner requests that State of Mississippi Case No. 8923 be quashed for the following reasons:

---

[1] The petitioner also received 5 years supervised release on count one, 3 years supervised release on count four, to run concurrently, and a $200 special assessment.

(1) lack of jurisdiction;

(2) no entry of judgment and bar not consistently applied;

(3) actual/legal innocence because of void judgment; and

(4) there is no basis in state or federal law for the affirmance by the court of appeals.

To further clarify his claim, the petitioner explains that Mississippi Case No. 8923 was used under the federal sentencing guidelines § 4B1.1[2] to qualify and sentence him as a career criminal at his federal sentencing on February 25, 2003. In other words, the petitioner asserts that the 1982 Mississippi state conviction was used in the calculation of his criminal history points, thereby improperly enhancing his current federal sentence. To support his claim that the 1982 Mississippi conviction was improperly used in the calculation of his sentence, the petitioner asserts that he is not the same James Morris named in the 1982 Mississippi conviction.

## II.   <u>Analysis</u>

Section 2254(a) authorizes federal district courts to entertain petitions for habeas relief by persons "in custody pursuant to the judgment of a State court." <u>See</u> <u>also</u> 28 U.S.C. § 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or law or treaties of the United States."). However, a habeas corpus petitioner is not "in custody" as to a challenged conviction when the sentence imposed for that conviction has fully expired at the time of filing the habeas petition. <u>Maleng v. Cook</u>, 490 U.S. 488, 490-91 (1989). Therefore, federal courts lack jurisdiction to consider habeas petitions that challenge a sentence

---

[2] U.S.S.G. § 4B1.1 provides that "[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony conviction of either a crime of violence or a controlled substance offense."

which has fully expired at the time the petition is filed.

Here, the 1982 Mississippi state court conviction referenced by the petitioner was a conviction for aggravated assault which carried a punishment of three years imprisonment. <u>See</u> Respondent's Response (dckt. 12) at n. 2. That sentence was to run consecutive to the term of imprisonment that "James Morris" was then serving. <u>Id.</u> James Morris was released from this sentence on September 2, 1992, more than 13 years prior to the filing of the instant habeas petition. <u>Id.</u> Thus, "James Morris" is no longer in custody under the 1982 Mississippi conviction that the petitioner challenges in this case. Accordingly, this court lacks subject matter jurisdiction to consider the petitioner's § 2254 habeas petition.

However, the petitioner also argues that the 1982 Mississippi conviction in question was used to enhance the federal sentence he is currently serving. Nonetheless, the Supreme Court also addressed this issue in <u>Maleng</u> when it held that a habeas petitioner does not "remain 'in custody' under a conviction after the sentence imposed for it has fully expired merely because" that conviction had been used to enhance a subsequent sentence. <u>Maleng</u>, 490 U.S. at 492. More recently, the Supreme Court upheld this decision in <u>Lackawanna County District Attorney v. Coss</u>, 532 U.S. 394, 403 (2001), when it recognized that a habeas petitioner may not generally challenge an enhanced sentence on the ground that the prior conviction which is no longer open to direct or collateral attack was unconstitutionally obtained.

In <u>Lackawanna</u>, the Supreme Court held that federal post conviction relief is not available to state prisoners through a petition for writ of habeas corpus under 28 U.S.C. § 2254 "when a prisoner challenges a current sentence on the ground that it was enhanced based on an allegedly unconstitutional prior conviction for which the petitioner is no longer in custody." <u>Lackawanna</u>, 532

U.S. at 396; see also Custis v. United States, 511 U.S. 485 (1994) (a defendant in a federal sentencing proceeding has no right to collaterally attack the validity of a previous state conviction used to enhance his sentence). Therefore, the petitioner's claim that his current sentence was improperly enhanced because of the allegedly unconstitutional prior state court conviction, is foreclosed by the Supreme Court's holding in Lackawanna.

"An established exception to this rule is that a petitioner may challenge an enhanced sentence where the conviction used to enhance the sentence was obtained in violation of the petitioner's Sixth Amendment right to counsel as recognized in Gideon v. Wainwright, 372 U.S. 335 (1963)." Lyons v. Lee, 203 F.Supp.2d 512, 525 (M.D.N.C. 2002) (citing Custis v. United States, 511 U.S. at 496-97). A further, and even rarer exception, "may arise if a petitioner can show that the state impeded his ability to obtain direct or collateral review of his underlying conviction, or if he can show compelling evidence of actual innocence, which evidence was obtained only after the completion of the time for state court review." Id. (citing Lackawanna, 532 U.S. at 405-406). These exceptions, however, are "limited to circumstances wherein the habeas proceedings are 'effectively . . . the first and only forum available for review of the prior conviction.'" Id.

Here, the petitioner cannot meet any of the enumerated exceptions. Petitioner asserts that he was not the defendant in the 1982 Mississippi case, therefore, he cannot argue that his right to counsel was violated in that case. Moreover, the petitioner does not argue that the state has impeded him from seeking review of that conviction. The only exception that could possibly apply in this instance is the actual innocence exception. Nonetheless, in support of his petition, the petitioner merely states that he "was not the only prisoner name James Morris" incarcerated at the Mississippi State Penitentiary in 1982. This is simply insufficient to prove that the petitioner is not the same

James Morris named in the 1982 Mississippi conviction.

Additionally, the undersigned notes that in order to be considered in the calculation of the petitioner's criminal history points, the 1982 Mississippi conviction would have necessarily appeared in the petitioner's presentence investigation report ("PSI"). Presumably, if the petitioner was not the same James Morris convicted in the 1982 Mississippi case in question, the petitioner would have objected to the inclusion of that conviction in his PSI and his criminal history calculation. However, according to the respondent, the petitioner made seven objections to the PSI prepared in connection to his 2003 federal criminal case. Respondent's Response at 6. As to convictions listed for 1979 and 1982, the petitioner objected only to the use of those convictions because they were outside the 10-year time frame to be used in the calculation of criminal history points. Id. At no time did the petitioner assert that he was not the same James Morris convicted in the 1982 Mississippi case. Id. Accordingly, the petitioner should have raised this issue at the time of sentencing, on direct appeal, or in a motion under 28 U.S.C. § 2255, and that claim is now waived.

### III.   Recommendation

For the foregoing reasons, the undersigned recommends that the petitioner's Petition Under 28 U.S.C. § 2254 be **DENIED with prejudice**.

Within ten (10) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal

from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied,</u> 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. The Clerk is further directed to provide copies of this Opinion/Report and Recommendation to all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: October 15, 2007.

/s *John S. Kaull*

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE